# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:

**FAIRVUE CLUB PROPERTIES LLC**.
Debtor.

CASE NO. 09-13807
CHAPTER 11
JUDGE GEORGE C. PAINE, II

## MEMORANDUM

This matter is before the court on Fairvue Club Properties LLC's ("debtor" or "Fairvue") application to employ Bradley Arant Boult Cummings LLP ("BABC") as counsel in the chapter 11 case. The United States Trustee objected to the proposed employment pursuant to 11 U.S.C. § 327(a) alleging that BABC has "substantial connections to individuals and entities in this case that create either an actual or apparent conflict of interest." (UST Objection, Docket No. 24, Jan. 6, 2010). For the reasons cited herein, the court OVERRULES the objection of the United States Trustee and GRANTS the debtor's application to employ BABC as conditioned herein.

The debtor filed a voluntary chapter 11 petition on December 1, 2009. On December 2, the debtor filed the present application to employ BABC. Included in the application was a statement that William L. Norton, III and

each member of BABC are disinterested and hold no interest adverse to the estate. Pursuant to Bankruptcy Rule 2014, BABC made the following disclosures:

> BABC has represented the Debtor in general corporate matters in the past. All outstanding fees and expenses for services provided prior to commencement of this case have been waived against the Debtor. Further BABC discloses that it has served as general counsel for American Security Bank & Trust, a secured creditor of the Debtor, in the past, but has since resigned and is no longer representing that entity in any pending matters. Furthermore, BABC discloses that it represents First State Bank, another secured creditor, in various unrelated loan matters, First State has consented to BABC's representation of the Debtor. Finally, one attorney at BABC has served as the Trustee for a life insurance trust for Leon Moore and in that capacity has a junior lien on certain real property of the Debtor to secured a loan from the trust to the Debtor. A substitute trustee is being appointed for that trustee.

BABC filed additional disclosures that provide in relevant part as follows:

1. Prior to the filing of the Chapter 11 petition for the Debtor, BABC has represented the following parties in interest: American Security Bank and Trust; First State Bank; Leon Moore; Leon Moore Family Trust; Linda Moore; and Leslie Leon Moore 1997 Irrevocable Trust.

2. American Security Bank and Trust is a creditor that holds a first lien on the Debtor's golf course and a third lien on the Debtor's club house by virtue of the pledge of a note and deed of trust from Leon Moore. Davis Carr, a BABC partner, previously served on the Board of Directors of American Security Bank and Trust, and BABC previously served as general counsel for the Bank. Prior to the commencement of this case, Davis Carr resigned from the Board of American Security Bank and Trust and BABC resigned as general counsel. BABC does not represent American Security Bank and Trust in this case or in any other matter at this time.

3. First State Bank is a creditor that holds a first lien on the club house of the Debtor. Prior to the commencement of this case, one or more of the attorneys at BABC represented First State Bank in loan transactions that were unrelated to the loan transaction that resulted in the lien on Debtor's club house, but First State consented to BABC's representation adverse to First State Bank in that loan transaction. The representation of First State Bank is ongoing in some of the unrelated matters where BABC was engaged prior to commencement of this case.

4. Leon Moore is the grantor of the trust that is the sole member of the Debtor and is also a creditor with a first lien on the golf course of the Debtor and a third lien on the Debtor's club house, which has been assigned to American Security Bank and Trust. BABC has provided legal services for Leon Moore and his affiliated business interests for more than 27 years, including representation of ShoLodge, Inc., a company more than 80% of the stock of which is owned by Mr. Moore. In transactions involving Mr. Moore and one or more of his business interests, if Mr. Moore was the sole owner of the business interest involved in the transaction, BABC represented both parties to the transaction. If, however, Mr. Moore was not the sole owner of the business interest, such as a transaction involving ShoLodge, Inc. or one of its affiliated entities, BABC, with knowledge and consent of all parties, represented only the business entity and not Mr. Moore individually. In such transactions, Mr. Moore was not represented or obtained independent counsel. The loan from Leon Moore secured by Debtor's golf course and club house was initially made to Debtor's predecessor in title, which at that time was wholly owned by Mr. Moore. BABC represented Mr. Moore and Debtor's predecessor in title in that transaction. Subsequently, Mr. Moore's ownership interest in the prior owner of the golf course and club house was transferred to ShoLodge, Inc. and after that transfer BABC did not represent Mr. Moore individually when his interest was adverse to that of Debtor's predecessor in title to the golf course and club house. Similarly, we do not currently represent Leon Moore individually in matters where his personal interest is adverse to the Debtor, including this case.

5. Linda Moore, the wife of Leon Moore, is a secured creditor of the Debtor and holds a lien on the accounts of the Debtor and on Debtor's furniture, fixtures and equipment. Linda Moore is also a trustee and beneficiary of the trust which is the sole owner of Debtor. BABC has in the past prepared a will for Mrs. Moore and advised her on estate planning matters, but has not generally represented Mrs. Moore on business transactions. BABC did prepare the loan documents evidencing Mrs. Moore's secured claim and represented both parties to that transaction. BABC does not represent Mrs. Moore in this case or in any other matter at this time.

6. Leon Moore Family Trust is a secured creditor of the Debtor and holds a second lien on the club house of the Debtor. BABC provided legal services in forming this Trust and over the years has represented the Trust in isolated transactions involving the disposition by the Trust of certain of its assets and the transfer of its assets to reflect a change in the trustees of the Trust. BABC also drafted the loan documents evidencing and securing the Trust's loan secured by Debtor's club house. That loan was made to Debtor's predecessor in title to the club house after the transfer of all ownership interests in such entity to ShoLodge, Inc. In that transaction, BABC, with the knowledge and consent of the trustees of the Trust, represented Debtor's predecessor in title and not the Trust. BABC does not represent this Trust in this case or in any other matter at this time.

7. Leslie Leon Moore 1997 Irrevocable Trust is a secured creditor of the

> Debtor and holds a second lien on the Debtor's golf course and a fourth lien on the club house of the Debtor. BABC provided legal services in forming this Trust and further drafted the loan documents evidencing and securing this Trust's loan secured by the golf course and club house. That loan was also made to Debtor's predecessor in title to the golf course and club house after the transfer of all ownership interests in such entity to ShoLodge, Inc. In that transaction, BABC, with the knowledge and consent of the trustee of the Trust, represented Debtor's predecessor in title and not the Trust. BABC does not represent this Trust in this case or in any other matter at this time. The trustee of this Trust is a BABC partner, but that partner serves as trustee in his individual capacity and not as a representative of BABC.

Declaration Regarding Employment of Bradley Arant Boult Cummings LLP, Docket No. 46, January 29, 2010.

The United States Trustee's objection alleges that the substantial connections between BABC and the individuals and entities connected to the debtor make BABC's representation untenable. Essentially, the UST argues that the conflicts, whether apparent or real, render BABC incapable of representation without partiality. BABC contends that the past connections do not in any way compromise representation of the debtor and BABC can act with undivided loyalty to the debtor. Furthermore, any conflicts, real or apparent were in the past, and have all been resolved for purposes of the present employment application.

The employment of bankruptcy counsel should begin with the premise that debtors should be free to select counsel of their choice. However, this choice is tempered by ethical restraints placed upon attorneys by the Rules and the Code which prohibit representation involving an interest materially adverse to the estate. **In re 7677 East Berry Ave. Associates, L.P.** 419 B.R. 833, 840 (Bankr. D. Colo.,2009). Courts look first to 11 U.S.C. § 327 which provides the statutory framework to guide a debtor's choice of counsel.

Section 327(a) states in relevant part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, <u>that do not hold or represent an interest adverse to the estate, and that are disinterested</u> persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (emphasis added).[1]

Subsection (a) thus sets forth two requirements: (1) counsel must "not hold or represent an interest adverse to the estate" and (2) must be a "disinterested person." **In re Metropolitan Environmental, Inc.**, 293 B.R. 871 (Bankr. N.D. Ohio 2003) (citing **In re Eagle-Picher Industries, Inc.**, 999 F.2d 969, 971 (6th Cir. 1993)). "Together, the statutory requirements of disinterestedness and no interest adverse to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.'" **In re Crivello**, 134 F.3d 831, 836 (7th Cir.1998) (quoting **Rome v. Braunstein**, 19 F.3d 54, 58 (1st Cir.1994)). BABC, therefore, must at all times meet these statutory requirements and failing to do so at any point in the case leaves BABC subject to denial of compensation for services and reimbursement of expenses pursuant to 11 U.S.C. § 328(c).

---

[1] Section 327(a), term of the 'the trustee,' is equally applicable to attorneys appointed to assist chapter 11 debtors in possession by section 1107.

Page 5 of 13

Case 3:09-bk-13807 Doc 55 Filed 02/12/10 Entered 02/12/10 14:47:17 Desc Main
Document Page 5 of 13

The code defines "disinterestedness" in section 101(14):

> (14) The term "disinterested person" means a person that--
>> (A) is not a creditor, an equity security holder, or an insider;
>>
>> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>>
>> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). The phrase "interest materially adverse" in the definition of a disinterested person overlaps with that of "interest adverse" in the first prong of § 327(a) and, together, they form one hallmark with which to evaluate whether professionals seeking court-approved retention meet the absence of adversity requirements embodied in the Bankruptcy Code. **In re 7677 East Berry Ave. Associates, L.P.,** 419 B.R. 833, 840 (Bankr. D. Colo., 2009). An interest adverse to the estate is the same as an actual conflict of interest pursuant to 11 U.S.C. § 327(c).[2] **In re Midway Motor Sales, Inc.,**

---

[2]11 U.S.C. § 327(c) provides:

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Actual conflict may be defined as an active competition between two interests in which one interest can only be served at the expense of the other. **In re**

355 B.R. 26, 33 (Bankr. N.D. Ohio 2006):

> In determining whether a professional has or represents an "adverse interest," one court observed: "[I]f it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation, then they have a conflict and an interest adverse to the estate." **In re The Leslie Fay Cos**., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994). An actual conflict exists if there is "an active competition between two interests, in which one interest can only be served at the expense of the other." **In re BH & P, Inc.**, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), **aff'd in pertinent part**, 119 B.R. 35 (D. N.J. 1990). "As a general principle, professional persons employed by the trustee should be free of any conflicting interest which might, in the view of the trustee or the bankruptcy court, affect the performance of their services or which might impair the high degree of impartiality and detached judgment expected of them during the administration of a case." **In re Amdura Corp**., 121 B.R. 862, 865 (Bankr. D. Colo. 1990), quoting COLLIER ON BANKRUPTCY ¶ 327.03 (1985).

**Midway Motor Sales Inc.**, 355 B.R. at 33; **see also In re Cleveland Trinidad Paving Co.,** 218 B.R. 385, 389 (Bankr. N.D. Ohio, 1998) ("[t]o hold or represent an interest adverse to the estate" means (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate.").

Under the present facts in this case, the United States Trustee alleges five "actual conflicts" that should prevent BABC's employment as counsel for the debtor: (1) BABC's prior representation of American Security Bank and

---

**American Energy Trading, Inc.**, 291 B.R. 154 (Bankr. W.D. Mo. 2003) (also holding "[s]ection 327(a), as well as § 327(c), imposes a per se disqualification as trustee's counsel on any attorney who has an actual conflict of interest.").

Trust and First State Bank; (2) BABC's continued representation of ShoLodge, Inc.; (3) BABC's past representation of Leon Moore; (4) BABC's past representation of TLP Dove, Co; and (5) a BABC attorney's current position as Trustee for a life insurance trust for Leon Moore that holds a junior lien on certain of the debtor's real property. BABC contends its disclosure and preventative measures taken as to each of these allegations has rendered it capable of tendering untainted advice in fulfillment of its fiduciary duties.

The United States Trustee relied upon the testimony of BABC attorney Patrick Alexander. Mr. Alexander's testimony about each of the allegations is summarized below:

| ENTITY OR INDIVIDUAL | TESTIMONY |
|---|---|
| TLP DOVE CO. | This entity developed the lots that were for sale in the Fairvue subdivision. All lots were sold and the firm no longer represents TLP Dove Co. Last represented TLP Dove Co. around 10/2009. |
| SHOLODGE, INC. | This entity conducted business primarily through subsidiaries to own and operate hotels. Mr. Moore is a majority stockholder and ShoLodge is a co-debtor with Wells Fargo and First State Bank. BABC continues to represent ShoLodge on minor corporate wind-down issues. |

| LEON MOORE | BABC has represented Mr. Moore for many years. Moore is a co-debtor on the loan to American Security Bank and Trust and First State Bank. BABC continues to represent Mr. Moore with the understanding that it must terminate representation that is adverse to the interests of the estate. As in the past, in transactions involving Mr. Moore and one or more of his business interests, if Mr. Moore is the sole owner of the business interest involved in the transaction, BABC represents both parties to the transaction. If, however, Mr. Moore is not the sole owner of the business interest, such as a transaction involving ShoLodge, Inc. or one of its affiliated entities, BABC, with knowledge and consent of all parties, represents only the business entity and not Mr. Moore individually. In such transactions, Mr. Moore is not represented or obtains independent counsel. Mr. Moore's separate counsel in the past has been Gino Bulso. |
|---|---|
| LESLIE LEON MOORE 1997 IRREVOCABLE TRUST | One attorney (Joseph Gibbs) at BABC serves as the Trustee for a life insurance trust for Leon Moore and in that capacity has a junior lien on certain real property of the Debtor to secure a loan from the trust to the Debtor. The trust holds a security interest in property of the estate. Mr. Gibbs is trustee in his individual capacity and not in his capacity as a member of BABC. If the trust had an adverse interest, Mr. Gibbs as trustee would have to obtain separate counsel. |
| FIRST STATE BANK AND AMERICAN SECURITY BANK AND TRUST | Mr. Alexander did not testify about this representation. However, the disclosures of BABC establish that BABC no longer represents American Security Bank and Trust and although BABC represents First State Bank on unrelated matters, First State consented to BABC's representation of the debtor on any adverse matters. |

If BABC's representation of TLP Dove Co., ShoLodge, Inc., Leon Moore, the banks, or its involvement with the trust would cause BABC to act any differently than without that other representation, then BABC has a conflict and an interest adverse to the estate. **See In re The Leslie Fay Cos**., 175

B.R. 525, 533 (Bankr. S.D.N.Y. 1994). If BABC is representing interests where there is "an active competition between two interests, in which one interest can only be served at the expense of the other,"[3] then BABC may not serve as debtor's counsel.

Although no other party objected to employment, the court appreciates the United States Trustee's objection on this case which is admittedly a "close call." Each case must turn on the specific facts as presented to the court. From the activities of the first two months, this case does not appear to be one where any of the parties have adopted a scorched-earth litigation strategy that would turn these yellow flags raised by the United States Trustee into red flags.

The court is satisfied with BABC's curative measures prior to undertaking representation of the debtor in this case to allow BABC's employment as attorneys for the debtor. More specifically, BABC no longer represents American Security Bank and Trust and removed its partner, Davis Carr, from the Board of Directors.[4] As to First State Bank, BABC obtained consent for

---

[3] **In re BH & P, Inc.**, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), **aff'd in pertinent part**, 119 B.R. 35 (D. N.J. 1990).

[4] This court finds persuasive the Second Circuit Court of Appeals decision in **In re AroChem. Corp., 176 F.3d 610, 623 (2nd Cir.1999)** holding that the adverse interest inquiry is a "present tense" analysis. The language of § 327(a) is in the present tense and the Second Circuit noted " 'Congress' use of a verb tense is significant in construing statutes' " and "counsel will be disqualified under section 327(a) only if it **presently** 'hold[s] or represent[s] an interest adverse to the estate,' notwithstanding any interests it may have held or represented in the past." (Emphasis Added).

representation of the debtor adverse to First State Bank and any continued representation of First State Banks is for matters unrelated to the bankruptcy.

The court found Mr. Alexander's testimony and Mr. Norton's declaration credible and persuasive that any potential, apparent or actual conflict BABC had with its representation of Mr. Moore was rectified prior to undertaking representation of the debtor. BABC has represented Mr. Moore for more than 27 years and has established strict policies to avoid adverse representation when interacting with Mr. Moore and his related entities. The court finds that BABC has in the past, and can in this case, represent this debtor with an undivided duty of loyalty.

BABC presently represents ShoLodge, Inc. which is a co-debtor on some debts. Mr. Alexander's testimony established that ShoLodge is in a corporate wind-down mode and BABC has been handling routine corporate issues unrelated to the bankruptcy. Like its representation of Mr. Moore, BABC states that any issue which would become adverse to the debtor would require ShoLodge to obtain independent counsel. BABC disclosed this contingent conflict, but the mere possibility of a future adverse interest is not enough for this court to deny the debtor counsel of its choice when no party can ever be certain of what will come to pass in a case. Should the contingencies occur, BABC has disclosed ShoLodge's need for other counsel and BABC remains obligated to continually meet § 327(a)'s statutory requirements.

The court is not convinced that BABC is free of adverse interests as it relates to the Leslie Leon Moore 1997 Irrevocable Trust. The Trust is a secured creditor of the Debtor and holds a second lien on the Debtor's golf

course and a fourth lien on the lien on the club house of the Debtor. The trustee of this Trust is a BABC partner (Joseph Gibbs), and although BABC's declaration states that a substitute trustee would be appointed, Mr. Alexander testified Mr. Gibbs remains as trustee. BABC represented that Mr. Gibbs, as trustee, would have to obtain independent counsel if an adverse interest arose.

The Court may not utilize its equitable powers to disregard facts that evidence disqualification of counsel on the basis of expediency or necessity for the reorganization of the estate. **In re Middleton Arms, Ltd. Partnership**, 119 B.R. 131, 134 (D. M.D.Tenn. 1990), **aff'd** 934 F.2d 723 (6th Cir.1991); **In re M-H Group, Inc**., 139 B.R. 836, 840 (Bankr. N.D.Ohio 1991). In appropriate circumstances, however, where disqualifying factors are identified, the court may impose "curative" measures that require counsel to take some action that allows the court to determine that counsel is disinterested and does not have or represent any adverse interest to the estate. **In re PHM Credit Corporation**, 110 B.R. 284, 287 (E.D.Mich. 1990), **compare In re M-H Group, Inc**. at 840 (court declined to employ curative measures given the facts).

Curative measures in this case are simply implemented and preserve the debtor's choice of its own counsel and accomplish expediency and efficiency. As a condition of granting BABC's employment application, the court finds that a substitute trustee on the Leslie Leon Moore 1997 Irrevocable Trust must be obtained within fifteen (15) business days of entry of this Memorandum as BABC evidenced an intent to do in their original disclosure. This separation avoids even the appearance of impropriety and allows BABC to give undivided

Case 3:09-bk-13807    Doc 55    Filed 02/12/10    Entered 02/12/10 14:47:17    Desc Main
Document      Page 12 of 13

attention and loyalty to the debtor.

The court, therefore, OVERRULES the objections of the United States Trustee, and GRANTS the debtor's application to employ BABC subject to the conditions set forth herein by the court. The court instructs Mr. Norton of BABC to prepare an Order not inconsistent with this Memorandum within fourteen (14) days of entry of the Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**